Filed 7/31/23  Roman v. Pacific Beach House CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JOHN ROMAN, | B323162 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. 21STCV26863 |
| PACIFIC BEACH HOUSE, LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mel Red Recana, Judge. Affirmed.

Tyson & Mendes, Kathryn C. Lee, Scott M. Nenni, and Jeffrey R. Siegel for Defendant and Appellant.

Eldessouky Law, Mohamed Eldessouky, Grach Bekaryan; Law Office of Maximilian Lee and Maximilian Lee for Plaintiff and Respondent.

# INTRODUCTION

Code of Civil Procedure[1] section 1281.97 provides that if a company or business that drafts an arbitration agreement does not pay its share of required arbitration fees or costs within 30 days after they are due, the company or business is in "material breach" of the arbitration agreement. (§ 1281.97, subd. (a)(1).) In that event, an employee or consumer may, among other things, withdraw his or her claims from arbitration and proceed in court. (*Id.*, subd. (b)(1).)

Plaintiff and respondent John Roman (plaintiff) sued his former employer, defendant and appellant Pacific Beach House, LLC (employer). Employer moved to compel arbitration under the terms of an arbitration agreement signed by plaintiff when he was hired. The court granted the motion. But employer failed to pay its share of the arbitration fee within the required 30 days. Citing section 1281.97, plaintiff moved to withdraw the matter from arbitration. Employer moved under section 473, subdivision (b), to excuse the late filing of the arbitration fee. The court concluded, under section 1281.97, that employer was in material breach of the parties' arbitration agreement. The court granted plaintiff's motion and denied employer's motion, thereby allowing plaintiff to pursue his employment-related claims in court rather than in arbitration.

Employer appeals and argues the question of whether employer was in "material breach" of the arbitration agreement should have been decided by an arbitrator rather than the court. It also complains that the notification it received from the

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

2

arbitrator was not an "invoice" within the meaning of section 1281.97 and therefore did not trigger the 30-day payment window. Finally, employer asserts that the trial court should have excused its late payment of the arbitration fee under section 473, subdivision (b), because the late payment was the result of a mistake by the accounting office of its counsel and the fee was paid only a few days after the due date. We reject each of these arguments and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### 1. The Arbitration Agreement

The material facts are not in dispute. Plaintiff filed a civil complaint against employer in February 2021, asserting eight causes of action relating to his former employment. Employer subsequently filed a petition to compel arbitration based on an arbitration agreement with plaintiff.

Two documents contain the parties' arbitration agreement. The first is a two-page document signed by plaintiff titled "Acknowledgment of Receipt," in which plaintiff acknowledged that he received a copy of employer's employee handbook. After the signature line for that acknowledgment, a second section titled "Agreement to Arbitrate" states: "In consideration of our mutual promises and our at-will employment relationship, The Beach House and I (Employee) agree as follows: [¶] Any controversy or claim arising out of or relating to Employee's employment or termination of employment (including post-termination claims) which cannot be resolved among the parties themselves, shall on the written request of either party served on the other within one year of the event which forms the basis of the controversy or claim, be submitted and resolved by final and

3

binding arbitration in a manner consistent with the California Code of Civil Procedure. Service of the written request shall be made only by certified mail, with a return receipt requested and the arbitration shall take place in San Mateo County, California. Time is of the essence; if the request is not served within said one-year period, the complaining party's claim(s) shall be forever waived and barred before all forums. The Arbitrator shall have no authority to amend or modify the parties' at-will employment relationship or any of the terms of this Agreement. The decision of the Arbitrator shall be final and binding and judgment thereon may be entered in any court having jurisdiction thereof. The parties shall equally divide all costs of the arbitration, but the parties shall bear their own expenses for attorneys' fees and witness costs. [¶] The parties intend that this arbitration procedure shall be the exclusive means of resolving all claims whether founded in fact or law between Employee and the Beach House and/or its employees, directors, officers or managers arising out of or relating to the parties' employment relationship and/or its termination, whether occurring during or after the employment relationship, including, but not limited to, any controversies or claims pertaining to wrongful or constructive discharge, personal injuries or other civil wrongs, [and] violations of public policies or anti-discrimination statutes. THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO HAVE ANY SUCH DISPUTE DECIDED IN A COURT OF LAW AND/OR BY A JURY IN A COURT PROCEEDING." This provision was separately dated and signed by plaintiff and a representative of employer.

The second relevant document is titled "Employment Agreement." Paragraph five of the document states: "Arbitration.

Any controversy or claim arising out of or relating to the Agreement or the breach thereof, or arising out of or relating to Employee's employment or termination of employment (including post[-]termination claims) which cannot be resolved among the parties themselves, shall on the written request of either party served on the other within one year of the event which forms the basis of the controversy or claim, be submitted and resolved by final and binding arbitration in a manner consistent with the California Code of Civil Procedure. Service of the written request shall be made only by certified mail, with a return receipt requested. Time is of the essence; if the request is not served within said one-year period, the complaining party's claim(s) shall be forever waived and barred before any and all forums, including, without limitation, arbitration or judicial forums. The Arbitrator shall have no authority to alter, amend, modify or change any of the terms of this Agreement. The decision of the Arbitrator shall be final and binding and judgment thereon may be entered in any court having jurisdiction thereof. The parties shall equally divide all costs of the arbitration, but the parties shall bear their own expenses for attorneys' fees and witness costs. [¶] The parties intend that this arbitration procedure shall be the exclusive means of resolving all claims whether founded in fact or law between Employee and Beach House and/or its employees, directors, officers or managers arising out of or relating to this Agreement, the parties' employment relationship and/or the termination of that relationship, including, but not limited to any controversies or claims pertaining to wrongful or constructive discharge, personal injuries or other civil wrongs, violations of the covenant of good faith and fair dealing, implied contract, public policies, or anti-discrimination statutes. THE

5

PARTIES EXPRESSLY WAIVE ANY CONSTITUTIONAL OR STATUTORY RIGHT TO HAVE ANY SUCH DISPUTE DECIDED IN A COURT OF LAW AND/OR BY A JURY IN A COURT PROCEEDING." The document was signed and dated by plaintiff and a representative of employer.

The court granted employer's petition to compel arbitration on December 3, 2021.

## 2. Employer's Failure to Pay Arbitration Fee

Plaintiff submitted his demand for arbitration to the American Arbitration Association (AAA) on December 6, 2021.

On January 18, 2022, AAA sent counsel for plaintiff and employer an email with a letter attachment (January 18th letter). The letter is two pages in length and addresses several administrative issues relating to the opening of the arbitration. Among other things, the January 18th letter indicates that plaintiff had satisfied his filing requirements, including the payment of a $300 filing fee. The letter then states, in bold typeface: "Accordingly, we request that the employer pay its share of the filing fee in the amount of $1,900.00 on or before February 1, 2022." After indicating that AAA would proceed to administer the arbitration after it received the employer's payment, the January 18th letter states in a separate paragraph, again in bold typeface: "This letter shall serve as the invoice pursuant to California Code of Civil Procedure Section[ ] 1281.97. Payment is due on upon [*sic*] receipt of this letter. As this arbitration is subject to California Code of Civil Procedure 1281.97, payment must be received by February 17, 2022 or the AAA will close the parties' case. Pursuant to California Code of Civil Procedure 1281.97, the AAA cannot grant any extensions to this payment deadline." At the bottom of the second page, the

6

letter states in a final paragraph, in bold typeface: "We would like to remind the employer that Under the Costs of Arbitration Section of the Employment/Workplace Arbitration Rules, the 'employer's full share is due as soon as the employee meets his or her filing requirements, even if the matter settles or is withdrawn'. This notice confirms that employee's filing requirements have been met."

On February 3, 2022, AAA sent an email to counsel for plaintiff and employer with a letter attachment (reminder letter). The reminder letter states, in pertinent part: "Dear Counsel for Respondent: [¶] We have not yet received payment from the employer to cover their portion of the filing fee, as described in our letter dated January 18, 2022." The letter continues, in bold typeface: "Please note in accordance with California Code of Civil Procedure 1281.97 and 1281.98, the AAA will close its case on February 17, 2022 if payment is not received."

On February 18, 2022, AAA sent an email to all counsel with a letter attachment. The first paragraph of the letter reads: "The Respondent has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the Claimant will be refunded under separate cover." Within two business days, counsel for employer issued a check for payment of the arbitration fee.

### 3.     Employer's Motion for Relief from Nonpayment of Arbitration Fee

On April 5, 2022, employer filed a motion seeking to enforce the court's December 3, 2021 order compelling arbitration. The motion explained that employer's failure to pay the arbitration fee to AAA within the 30 days required under section 1281.97

was the result of a mistake by counsel, not employer, and that the fee had been paid only a few days after that deadline. Employer asked the court to grant it relief from counsel's mistake and excusable neglect under section 473, subdivision (b), and resubmit the matter to arbitration. Employer also argued that the letter from AAA was not "a proper invoice" sufficient to trigger the 30-day time limit under section 1281.97.

**4.     Plaintiff's Motion to Vacate Arbitration**

Plaintiff filed a motion to vacate the court's arbitration order, lift the stay of proceedings, and reinstate the matter on calendar. Plaintiff argued that under section 1281.97, he was entitled to prosecute his case in court because employer had failed to pay its share of the arbitration fee within 30 days of the January 18th letter. Further, plaintiff sought sanctions, i.e., attorney's fees and costs of $6,885 under section 1281.99.

**5.     Trial Court Ruling**

The court granted plaintiff's motion and denied employer's motion.

Addressing plaintiff's motion, the court noted that under section 1281.97, subdivision (a)(1), employer's payment of the arbitration fee was required no later than "30 days after the due date." Subdivision (a)(2) further provides, "To avoid delay, absent an express provision in the arbitration agreement stating the number of days in which the parties to the arbitration must pay any required fees or costs, the arbitration provider shall issue all invoices to the parties as due upon receipt." It was undisputed that the January 18th letter stated, consistent with section 1281.97, that payment was due upon receipt and that the statutory deadline for payment was February 17, 2022. The

8

parties' arbitration agreement contained no contrary deadline. Thus, employer's issuance of a check on February 22, 2022 failed to meet the statutory deadline.

The court rejected employer's argument that it was not in material breach of the arbitration agreement because it paid the required fee within a few days of the deadline and the brief delay caused no prejudice to plaintiff. The court found that contention to be foreclosed by the plain language of section 1281.97. The court was also unpersuaded by employer's contention that the January 18th letter was not "a proper invoice" within the meaning of section 1281.97, subdivision (a)(2). The court noted the January 18th letter plainly stated that employer's share of the arbitration fee was $1,900 and that such amount was due upon receipt of the letter. The letter also stated the statutorily required deadline, in bold typeface, and noted that no extension of the payment deadline was permitted under section 1281.97.

Finally, the court concluded that it, not an arbitrator, was empowered to decide the motion at hand. Employer had asserted that the arbitration agreement included an expansive clause that clearly and unmistakably delegated all issues, including threshold issues such as the timeliness of payment of arbitration fees, to the arbitrator. The court found that applying a delegation clause in that manner would "be in complete contravention with the purposes of the statute" and would cause a plaintiff to suffer further delays in the event a recalcitrant employer again failed to pay its share of the arbitration fee. In any case, the court found, the delegation clause at issue did not contain a clear and unmistakable delegation to the arbitrator to decide issues relating to the breach of the arbitration agreement. The court

9

also imposed sanctions against employer in the amount of $3,960 under section 1281.99.

With respect to employer's motion for relief under section 473, subdivision (b), the court noted that employer sought relief from AAA's administrative closure of the arbitration. But section 473 applies only to court proceedings and is therefore inapplicable to actions taken by AAA. Moreover, the court found that even if it were to set aside AAA's closure of the arbitration, employer would still be in material breach of the arbitration agreement under section 1281.97 and therefore no relief would be available.

The court entered the order on both motions on August 15, 2022. Employer timely appeals.

## DISCUSSION

Employer advances three arguments: (1) An arbitrator, rather than the court, should have decided whether employer violated section 1281.97; (2) the January 18th letter is not an "invoice" within the meaning of section 1281.97 and therefore did not trigger employer's obligation to pay its share of the arbitration fee within 30 days; and (3) employer, as an innocent party, should not be required to forfeit its right to arbitrate plaintiff's claims due to the mistake and excusable neglect of its counsel. We address these issues in turn.

1.  **The arbitration agreement does not contain a "clear and unmistakable" delegation clause.**

Employer claims the arbitration agreement delegates to an arbitrator threshold questions of arbitrability including the question presented here, i.e., whether employer materially breached the arbitration agreement by failing to pay its share of

10

the arbitration fee in a timely manner. We conclude the arbitration agreement does not delegate such issues to an arbitrator.[2]

### 1.1. Standard of Review

The interpretation of a contractual arbitration provision is an issue of law we review de novo. (See, e.g., *Wilson-Davis v. SSP America, Inc.* (2021) 62 Cal.App.5th 1080, 1087 (*Wilson-Davis*) [noting where facts underlying a request for arbitration are undisputed, appeal presents legal issues subject to de novo review].)

### 1.2. Legal Principles and Analysis

"Courts presume that the parties intend courts, not arbitrators, to decide threshold issues of arbitrability." (*Wilson-Davis, supra*, 62 Cal.App.5th at p. 1087.) Accordingly, the " 'gateway' " question of arbitrability—here, whether plaintiff's claims are arbitrable notwithstanding employer's failure to comply with section 1281.97—" ' "is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." ' (*Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 83; see also [*Henry*] *Schein*, [*Inc. v. Archer & White Sales, Inc.* (2019)] 139 S.Ct. [524,] 530 [court will decide threshold issue of arbitrability unless agreement delegates question to arbitrator by ' "clear and unmistakable" evidence']; *Granite Rock Co. v. Teamsters* (2010) 561 U.S. 287, 296 … ['It is

---

[2] Because the arbitration agreement at issue does not contain a "clear and unmistakable" delegation clause, we have no occasion to consider how such a delegation clause might be construed in relation to section 1281.97.

well settled … that whether parties have agreed to "submi[t] a particular dispute to arbitration" is typically an " 'issue for judicial determination' " ']; *Sandoval-Ryan* [*v. Oleander Holdings, LLC* (2020) 58 Cal.App.5th 217,] 223 [to be effective, clause delegating issue of arbitrability to arbitrator must be 'clear and unmistakable'].)" (*Id.* at pp. 1087–1088.)

Examples of "clear and unmistakable" delegation clauses provide guidance in the present case. In *Rent-A-Center, West, Inc. v. Jackson* (2010) 561 U.S. 63, 68 (*Rent-A-Center*), for instance, the arbitration agreement stated that " '[*t*]*he Arbitrator … shall have exclusive authority* to resolve any dispute relating to the … enforceability … of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable.' " (Italics added.) Similarly, in *Aanderud v. Superior Court* (2017) 13 Cal.App.5th 880, 892, the arbitration agreement provided that the parties " '*agree to arbitrate* all disputes, claims and controversies arising out of or relating to … (iv) the interpretation, validity, or enforceability of this Agreement, *including the determination of the scope or applicability of this Section 5* [*the "Arbitration of Disputes" section*]… .' " (Italics added, underscoring omitted.) And, in *Mohamed v. Uber Technologies, Inc.* (9th Cir. 2016) 848 F.3d 1201, 1207–1208, the arbitration agreement provided that disputes subject to arbitration "include without limitation disputes *arising out of or relating to interpretation or application of this Arbitration Provision*, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision." (Italics added.) Under these circumstances, the courts held that the gateway questions of arbitrability had been delegated to the arbitrators under the

12

express language of the arbitration agreements. (*Rent-A-Center*, at pp. 65, 68; *Aanderud*, at p. 892; *Mohamed*, at p. 1209.)

Employer urges that the arbitration agreement here contains a similarly "clear and unmistakable" delegation of threshold issues of arbitrability to the arbitrator. Specifically, employer points to the following language which is found in the employment agreement: "*Any controversy or claim arising out of or relating to the Agreement or the breach thereof* … shall on the written request of either party served on the other within one year of the event which forms the basis of the controversy or claim, be submitted and resolved by final and binding arbitration in a manner consistent with the California Code of Civil Procedure." (Italics added.) Unlike the cases cited *ante*, however, this language contains no reference to the arbitration provision in particular or to the resolution of issues relating to arbitration—as opposed to the issues relating to plaintiff's employment. It therefore fails to evidence a "clear and unmistakable" intent to arbitrate threshold issues regarding arbitrability including the breach of the arbitration agreement itself.

The only case employer relies on is a Ninth Circuit decision, *Dekker v. Vivint Solar, Inc*. (9th Cir., Oct. 26, 2021, No. 20-16584) 2021 WL 4958856 [mem. dispo.].) There, the appellate court held that in light of the scope of the parties' arbitration agreement, an arbitrator should decide, in the first instance, whether the defendant violated section 1281.97. (*Dekker,* at p. *2.) Employer urges us to reach the same conclusion here. But whatever persuasive value this opinion may have in the abstract, it has none here. In *Dekker*, "the delegation clauses delegated issues of 'breach, default, or termination of th[e] Agreement' and 'the determination of the scope or

13

applicability of th[e arbitration clause]' to the arbitrator. Thus, the parties' agreements clearly delegated issues involving breach and default to the arbitrator." (*Id.* at p. *1.) Here, the arbitration agreement does not contain similar language or any other "clear and unmistakable" evidence of the intent to arbitrate whether a party has breached the arbitration agreement.

In sum, we reject employer's contention that an arbitrator, rather than the trial court, should have determined whether employer violated section 1281.97.

## 2. Employer has forfeited the argument regarding the composition of AAA's invoice.

Employer also insists that AAA's January 18th letter is not an invoice. It would follow, then, that employer's obligation to pay its share of the arbitration fees was not triggered by the January 18th letter and therefore its payment was not untimely under section 1281.97.

Notably absent from employer's argument is any analysis of the statutory language or, indeed, any legal authority. Typically, a party advancing a particular statutory construction—such as the meaning of the undefined term "invoice" as used in section 1281.97, subdivision (a)(1)—would draw on some authority in support of their argument. A similar statute or a dictionary, for example. Employer does none of this and instead offers the following: "To be an invoice, an invoiced party must be able to recognize it as such. Otherwise it is just a letter with a confusing jumble of stock language." Additionally, employer urges: "Thus when Section 1281.97 says 'invoice,' it means 'invoice.' And it means 'invoice' by force of law." We reject the argument. (See *Meda v. Autozone, Inc.* (2022) 81 Cal.App.5th

366, 383 [noting matters not properly raised or that lack adequate legal discussion will be deemed forfeited].)

In any event, the January 18th letter is neither confusing nor unclear. It plainly states, in bold typeface, that employer's share of the arbitration fee was required to be paid on or before February 17, 2022 and it includes a citation to section 1281.97. In the absence of a statutory directive regarding the composition of an "invoice," we decline to read additional requirements into the statute.

## 3.  Section 473, subdivision (b), is inapplicable.

Finally, employer contends that the court erred in denying its request for relief under section 473, subdivision (b). We disagree.

### 3.1.  Standard of Review

"Section 473(b) authorizes the trial court to vacate a dismissal, order, or judgment if it occurred because of the excusable mistake, inadvertence, surprise, or neglect of a party or its attorney. The statute 'contains both mandatory and discretionary provisions,' but only the discretionary provision is at issue. [Citation.] We review the trial court's discretionary decision to grant or deny relief under section 473(b) for an abuse of discretion. [Citation.]" (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1102–1103.)

### 3.2.  Legal Principles and Analysis

Employer argues that it is an "innocent party" because its counsel inadvertently neglected to pay the arbitration fee in a timely manner. As such, employer claims, it should not be required to forfeit its right to arbitrate plaintiff's disputes.

15

Further, employer asserts, in adopting section 1281.97, the Legislature intended to target those businesses and employers that acted in bad faith and withheld payment for purposes of delay—not parties acting in good faith who inadvertently pay their fee a couple of days after the deadline, as here.

The appellate courts of this state have uniformly rejected employer's suggestion that a trial court faced with a violation of section 1281.97 or 1281.98[3] should take into account such subjective factors. In *Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, the Court of Appeal reversed the trial court's conclusion that a defendant's late payment of an arbitration provider's invoice was "in 'substantial[ ] compliance' with the arbitration agreement and 'not in material breach,' because the delayed payment was due to ' "clerical error," ' and the delay did not prejudice plaintiff." (*Id*. at p. 775.) The Court of Appeal concluded that the "language of section 1281.97 is unambiguous." (*Id*. at p. 776.) "Under the plain language of the statute, then, the triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party." (*Ibid*.) The court concluded that the "plain language therefore indicates the Legislature intended the statute to be strictly applied whenever a drafting party failed to pay by the statutory deadline." (*Ibid*.)

---

[3] Section 1281.98 applies to the failure to pay fees during the course of the arbitration whereas 1281.97 applies to the failure to pay the initial fee of arbitration.

16

The Court of Appeal reached a similar conclusion in rejecting an FAA preemption challenge to sections 1281.97 and 1281.98. (*Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621.) Although the court's preemption analysis is not relevant here, its description of the statute is. The Court of Appeal explained that "section 1281.97 declares any payment that exceeds the arbitration provider's deadline and a statutorily granted 30-day grace period to be a material breach as a matter of law." (*Id.* at p. 644, italics omitted.) The court further explained that section 1281.97 "statutorily defines a material breach as a matter of law to be failure to pay anything less than the full amount due by the expiration of the statutory grace period, rather than leaving materiality as an issue of fact for the trier of fact to determine." (*Gallo,* at p. 644.)

*Williams v. West Coast Hospitals, Inc.* (2022) 86 Cal.App.5th 1054, is in accord. There, the court noted that "[t]o further its stated purpose, the Legislature in enacting sections 1281.97 and 1281.98 chose to neither require nor permit an inquiry into the reasons for a drafting party's nonpayment. [Citation.] It is within the Legislature's purview to make a civil remedy available, as a matter of policy, without regard to fault. [Citation.]" (*Id.* at pp. 1074–1075.)

This Division reached the same conclusion with respect to the 30-day payment requirement found in section 1281.98. (See *De Leon v. Juanita's Foods* (2022) 85 Cal.App.5th 740, 746.) There, the defendant employer neglected to pay certain fees required to continue an arbitration with the former employee plaintiff and the trial court granted the plaintiff's motion to vacate the arbitration order. On appeal, the defendant argued that the trial court's hypertechnical reading of section 1281.98

17

was erroneous and asserted the court should have considered the fact that the defendant's late payment did not result in any delay in the arbitration proceedings. (*De Leon,* at p. 752.) We rejected the argument based on the plain and unambiguous language of the statute: "Section 1281.98 explicitly defines what occurs when 'the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date,' namely, that 'the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach.' (§ 1281.98, subd. (a)(1).) We find nothing in this language that is ambiguous regarding the requisite circumstances to determine the existence of a statutorily defined material breach of an arbitration agreement. To the contrary, the statute's language establishes a simple bright-line rule that a drafting party's failure to pay outstanding arbitration fees within 30 days after the due date results in its material breach of the arbitration agreement." (*Id*. at pp. 752–753.)

Turning to employer's argument, we conclude the trial court did not abuse its discretion in denying employer's motion for relief under section 473, subdivision (b). As the cases we have cited indicate, section 1281.97 is a mandatory statute. It does not permit the trial court to consider any circumstances other than those set forth in the statute, i.e., whether the defendant paid the required fee within the 30-day deadline. If the payment is late, the statute operates automatically and the reason for the late payment is immaterial. Accordingly, the court here was not permitted to grant employer relief as a result of its counsel's

18

mistake under section 473. Indeed, it would have been an abuse of discretion for the court to do so.[4]

## DISPOSITION

The order vacating the court's prior arbitration order is affirmed. Plaintiff and respondent John Roman shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ADAMS, J.

---

[4] We decline to address employer's argument, asserted for the first time in its appellant's reply brief, that plaintiff's claims are untimely. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["[W]e do not consider points raised for the first time in the reply brief absent a showing of good cause for the failure to present them earlier."].)